Leonard v. Johns-Manville Sales Corp.

MARIE R. LEONARD, ADMINISTRATRIX OF THE ESTATE OF SAMUEL L. LEONARD, DECEASED v. JOHNS-MANVILLE SALES CORPORATION, A DELAWARE CORPORATION; UNARCO INDUSTRIES, INC., AN ILLINOIS CORPORATION; GAF CORPORATION, A DELAWARE CORPORATION; ARMSTRONG CORK COMPANY, A PENNSYLVANIA CORPORATION; RAYBESTOS-MANHATTAN, INC., A CONNECTICUT CORPORATION; OWENS-CORNING FIBERGLAS CORPORATION, A DELAWARE CORPORATION; PITTSBURGH CORNING CORPORATION, A PENNSYLVANIA CORPORATION; THE CELOTEX CORPORATION, A DELAWARE CORPORATION; NICOLET INDUSTRIES, A PENNSYLVANIA CORPORATION; FORTY-EIGHT INSULATION, INC., AN ILLINOIS CORPORATION; EAGLE-PICHER INDUSTRIES, INC., AN OHIO CORPORATION; STANDARD ASBESTOS & INSULATION CO., A MISSOURI CORPORATION; OWENS-ILLINOIS, INC., AN OHIO CORPORATION; H. K. PORTER, A PENNSYLVANIA CORPORATION; NATIONAL GYPSUM CO., A DELAWARE CORPORATION; FIBREBOARD CORPORATION, A DELAWARE CORPORATION; GARLOCK, INC., A FOREIGN CORPORATION; KEENE CORPORATION, A NEW JERSEY CORPORATION; NORTH AMERICAN ASBESTOS CORPORATION, A FOREIGN CORPORATION; CAREY CANADIAN MINES, LTD., A FOREIGN CORPORATION; LAKE ASBESTOS OF QUEBEC, LTD., A FOREIGN CORPORATION; AMATEX CORPORATION, A PENNSYLVANIA CORPORATION; SOUTHERN ASBESTOS COMPANY

No. 478PA84

(Filed 18 February 1986)

**Limitation of Actions § 4.2; Negligence § 20; Sales § 22— civil asbestos claim— statute of repose not applicable**

Summary judgments entered for defendants in an asbestosis action were reversed where the sole ground for the summary judgments was that former N.C.G.S. 1-15(b) applied to disease claims.

Justice BILLINGS did not participate in the consideration or decision of this case.

Justice MEYER dissenting.

ON plaintiff's petition, pursuant to N.C.G.S. § 7A-31(b) for discretionary review before determination by the Court of Appeals of summary judgments in favor of defendants, The Celotex Corporation and Owens-Corning Fiberglas Corporation, entered on 27 December 1983 in Superior Court in DURHAM County, *Barnette, J.*, presiding.

Leonard v. Johns-Manville Sales Corp.

*Haywood, Denny, Miller, Johnson, Sessoms & Haywood by George W. Miller, Jr. and Michael W. Patrick for plaintiff appellant.*

*Poisson, Barnhill & Britt by Donald E. Britt, Jr. and Stuart L. Egerton for Owens-Corning Fiberglas Corporation, defendant appellee; Brown & Johnson by C. K. Brown, Jr., for The Celotex Corporation, defendant appellee.*

EXUM, Justice.

This is a wrongful death claim in which it is alleged that Samuel Leonard's long exposure to asbestos-containing products manufactured by defendants caused him to contract the disease asbestosis which in turn caused death. The only defendants which are parties to this appeal are The Celotex Corporation (Celotex) and Owens-Corning Fiberglas (Owens-Corning). These defendants moved for and were granted summary judgment on the ground that the ten-year statute of repose contained in former N.C.G.S. § 1-15(b) (Interim Supp. 1976) (repealed 1979)[1] effectively bars plaintiff's claim.

The forecast of evidence on the motions for summary judgment, according to the parties' stipulation, tends to show that Samuel Leonard was exposed during his working life to asbestos-containing products manufactured and sold by Celotex and Owens-Corning.[2] Ultimately he contracted the disease asbestosis.

---

1. The statute provided:

"Except where otherwise provided by statute, a cause of action, other than one for wrongful death or one for malpractice arising out of the performance or failure to perform professional services, having as an essential element bodily injury to the person or a defect in or damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs; provided that in such cases the period shall not exceed ten years from the last act of the defendant giving rise to the claim for relief."

2. The parties have stipulated "[f]or purposes of this appeal only" that the forecast of evidence at the hearing on summary judgment tends to establish that plaintiff "was exposed to . . . asbestos-containing products manufactured or sold by both Defendant Appellees prior to the beginning of the ten year period preceding the filing of" the complaint on 1 August 1979.

The disease was first diagnosed in August 1977; Samuel Leonard died in June 1978; and on 1 August 1979 his personal representative filed this wrongful death claim.

Celotex and Owens-Corning argue that nowhere in the forecast of evidence does it appear that Samuel Leonard was exposed to their asbestos-containing products less than ten years before the filing of the complaint. Their argument before us as, according to the briefs, it was in the trial court is: Under the wrongful death statute, N.C.G.S. § 28A-18-2, a wrongful death claim is barred unless the decedent, had he lived, would have been "entitled . . . to an action for damages" for the same wrongful act which caused death. Had Samuel Leonard lived he would not have been "entitled . . . to an action for damages" for his asbestosis because of the bar of the ten-year statute of repose in N.C.G.S. § 1-15(b). Therefore, this wrongful death claim cannot be maintained. On the basis of this argument, according to the briefs, summary judgments for Celotex and Owens-Corning were granted in the trial court.

After these summary judgments were granted in the trial court and the instant case was briefed and argued before us, this Court decided *Wilder v. Amatex Corp.*, 314 N.C. 550, 336 S.E. 2d 66 (1985), *reh'g denied*, --- N.C. ---, --- S.E. 2d --- (7 Jan. 1986). In *Wilder* we held that former N.C.G.S. § 1-15(b) had no application to claims arising out of disease. The disease in question in *Wilder* was also asbestosis. We reversed summary judgment for defendants in *Wilder* because they were granted on the ground that former N.C.G.S. § 1-15(b) applied to disease claims and effectively barred the claim there asserted.

Because the summary judgments were granted below and are sought to be sustained on appeal on the sole ground that former N.C.G.S. § 1-15(b) would have applied to bar Samuel Leonard's claim for injuries arising out of the disease asbestosis had he lived, *Wilder* is dispositive of this case and dictates that the summary judgments here, as they were in *Wilder*, be reversed.

The summary judgments, therefore, entered below in favor of defendants Celotex and Owens-Corning are

Reversed.

Justice BILLINGS took no part in the consideration or decision of this case.

Justice MEYER dissenting.

I dissent for the reasons stated in my dissenting opinion in *Wilder v. Amatex Corp.*, 314 N.C. 550, 336 S.E. 2d 66 (1985).